## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**JAMES HARRISON**                                                                                   **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 4:20-CV-P153-JHM**

**WELLPATH CORPORATION** *et al.*                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff James Harrison, *pro se*, filed this action in the Muhlenberg Circuit Court against Wellpath Corporation, Wellpath employees Dr. Anna D'Amico and Lessye Crafton, the Kentucky Department of Corrections, and several Kentucky Department of Corrections employees alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights and numerous state laws.

On September 9, 2020, Defendants Wellpath, D'Amico, and Crafton removed this matter from Muhlenberg Circuit Court to federal court on the basis of federal-question jurisdiction. The remaining Defendants consented to the removal. Defendants Wellpath, D'Amico, and Crafton then moved the Court to conduct an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and for an extension of time in which to file an answer or other responsive pleading, and Plaintiff filed a motion to remand.

By prior Order, the Court denied Plaintiff's motion to remand because Plaintiff had clearly asserted federal constitutional claims in the complaint. The Court observed that removal to federal court from state court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court observed that district courts have "federal-question jurisdiction" over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the same Order,

the Court granted Defendants' motion to screen this action under § 1915A and their motion for an extension of time to file any responsive pleadings.

On July 28, 2021, the Court ordered Plaintiff to file an amended complaint on a Court-supplied form. The Order stated that the amended complaint would supersede, *i.e.*, replace, the amended complaint. Plaintiff then filed an amended complaint.

Upon review of the amended complaint pursuant to § 1915A, the Court finds that it now lacks subject-matter jurisdiction over this action. Unlike Plaintiff's original complaint, the amended complaint contains no references to the United States Constitution or any federal statute. Rather, all of Plaintiff's claims in the amended complaint are based upon Kentucky state law and/or Kentucky policies and procedures. Thus, the Court must now determine whether it should maintain supplemental jurisdiction over Plaintiff's remaining state-law claims now that the federal claims have been eliminated from this action.

The doctrine of supplemental jurisdiction, as codified in 28 U.S.C. § 1367, grants a district court broad discretion on whether it may exercise jurisdiction over state-law claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "That discretion, however, is bounded by constitutional and prudential limits on the use of federal judicial power." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Accordingly, if "the district court has dismissed all claims over which it has original jurisdiction," then the district court "may decline to exercise supplemental jurisdiction." 28 U.S.C. § 1367(c)(3).

Another district court in the Sixth Circuit recently considered whether a federal court should decline to exercise supplemental jurisdiction over remaining state-law claims and remand an action to state court in a similar situation. *Sanchez v. Gregg Pancero, Inc.,* No. 1:20-cv-75,

2020 U.S. Dist. LEXIS 150582 (S.D. Ohio Aug. 20, 2020). The *Sanchez* court outlined the relevant jurisprudence as follows:

> "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). The Court should "balance those interests against needlessly deciding state law issues." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (internal citations omitted). Although there is "no categorical rule that the pretrial dismissal of federal claims bars a court from deciding remaining state claims," *Carmichael v. City of Cleveland*, 571 F. App'x 426, 434 (6th Cir. 2014), the Sixth Circuit favors remand. This is because "[c]omity to state courts is considered a substantial interest; therefore, this Court applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).
>
> In addition to "judicial economy, convenience, fairness, and comity," the court may also consider whether "the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.'" *Harper*, 392 F.3d at 211 (citing *Carnegie-Mellon*, 484 U.S. at 357). "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id*.

*Id*. at *4-6.

The *Sanchez* court then analyzed how the Sixth Circuit had applied these factors in *Harper* and *Gamel*:

> In *Harper*, the Sixth Circuit upheld a district court's decision to retain supplemental jurisdiction over state law claims based on four factors: (1) the plaintiff engaged in forum manipulation by voluntarily dismissing his federal-law claims after the case had been in federal court for eleven months; (2) the parties had completed discovery; (3) the defendants' summary judgment motions were ripe for decision; and (4) the district court had already invested significant time in the litigation and was familiar with the facts. 392 F.3d at 211-12. Conversely, in *Gamel*, although the district court found that the plaintiffs clearly engaged in forum manipulation, the Sixth Circuit found no abuse of discretion when the district court relied on the

> following factors to remand the state law claims to state court: (1) the plaintiffs retracted their federal claims four days after the defendant removed; (2) the court had not overseen discovery; (3) there was no potentially dispositive summary judgment motion filed at the time the motion to remand was filed; and (4) judicial economy would not have been served by exercising supplemental jurisdiction over the state law claims. 625 F.3d at 952-53.

*Sanchez*, 2020 U.S. Dist. LEXIS at *6-7.

Like the courts in *Gamel* and *Sanchez*, upon consideration of 28 U.S.C. § 1367, and the *Carnegie-Mellon* factors, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims in this action. In reaching this determination, the Court first notes that Defendants have not yet filed answers or other responsive pleadings in this action and no dispositive motions have been filed. Second, because the federal-law claims are no longer at issue, neither judicial economy nor comity would be served by exercising supplemental jurisdiction over the remaining state-law clams. And, lastly, Plaintiff has not used manipulative tactics to defeat the removal of this action – Plaintiff did not file an amended complaint of his own accord; the Court directed him to file a superseding, amended complaint, and he complied. Thus, the Court concludes that the interests of "judicial economy, convenience, fairness, and comity" weigh in favor of remand.

Accordingly, **IT IS HEREBY ORDERED** that this action is **REMANDED** to the Muhlenberg Circuit Court and that this action is **CLOSED**.

Date: September 7, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
Muhlenberg Circuit Court
4414.011

4